IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL COVINGTON, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:10cv00729 SWW/HDY |
| | * | |
| | * | |
| CRAWFORD & COMPANY, | * | |
| | * | |
| Defendant. | * | |

<u>ORDER</u>

This is a case of alleged employment discrimination on the basis of race and sex and is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. The matter is before the Court on motion [doc.#25] of plaintiff, Crystal Covington, to reconsider the Court's denial of appointment of counsel.

Title VII provides, in pertinent part, that a court may appoint counsel to represent a plaintiff under "such circumstance as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). Because a civil litigant has no constitutional or statutory right to court-appointed counsel, *see Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006), the decision whether to make an appointment is within the Court's discretion. *See Sours v. Norris*, 782 F.2d 106, 107 (8th Cir.1986) (per curiam). The factors relevant to the Court's decision include whether (1) the plaintiff can afford to hire an attorney, (2) the plaintiff has made a good-faith effort to retain an attorney, but has been unable to do so, (3) there is some factual basis for the plaintiff's lawsuit, and (4) the nature of the litigation is such that the plaintiff and the Court would benefit from the assistance of counsel. *See Slaughter v. Maplewood*, 731 F.2d 587, 589 (8th Cir.1984); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Although plaintiff has been granted *in forma pauperis* status and states she has unsuccessfully attempted to retain counsel, the Court cannot conclude at this early stage of the case whether there is some factual basis for plaintiff's lawsuit and whether plaintiff and the Court would benefit from the appointment of counsel. Accordingly, plaintiff's motion to reconsider the denial of appointment of counsel is denied without prejudice to plaintiff's right to renew her request for counsel as the case progresses. *See Nelson v. Shuffman*, 476 F.3d 635, 636 (8th Cir. 2007) (per curiam).[1]

IT IS SO ORDERED this 17th day of September 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] It is not clear if the matters of which plaintiff is complaining occurred in the Western District of Arkansas such that venue would properly lie in that district. *See* 28 U.S.C. §1391(b); 28 U.S.C. § 1406(a).