IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CRYSTAL COVINGTON,                    *
                                      *
                    Plaintiff,        *
vs.                                   *          No. 4:10-cv-00729-SWW
                                      *
                                      *
CRAWFORD & COMPANY,                   *
                                      *
                    Defendant.        *

ORDER

Plaintiff Crystal Covington, a black female, brings this pro se action against defendant

Crawford & Company alleging race and sex discrimination under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e *et seq*., and, purportedly, a violation of the Equal Pay Act (EPA),

29 U.S.C. § 206(d).[1]   Plaintiff alleges she was discriminated against when defendant terminated

her employment and "failed to offer equal pay, training-corporate, proper field safety, and

remote employee benefits and equipment."  Compl. at ¶ 8 [doc.#2].[2]

The matter is before the Court on motion of plaintiff to compel response to discovery

[doc.#52] and motion to set pretrial conference [doc.#51].  Defendant has responded in

opposition to both motions.  Having considered the matter, the Court denies plaintiff's motion to

compel response to discovery and denies plaintiff's motion to set pretrial conference.[3]

---

[1] On March 7, 2011, plaintiff filed a motion [doc.#40] for leave to file amended complaint to assert, *inter alia*, an EPA claim.  By Order entered May 20, 2011 [doc.#49], this Court, over defendant's objection, granted plaintiff's motion.  Plaintiff never filed an amended complaint, however.

[2] By Order entered December 28, 2010 [doc.#34], this Court determined that because plaintiff deliberately did not file with the Equal Employment Opportunity Commission an administrative charge related to her termination, that claim is procedurally barred and is dismissed from this action.

[3] Plaintiff states in her motion to set pretrial conference that "[t]he plaintiff's Amended Complaint in this cause was filed on March 2, 2010."  That statement is obviously incorrect as this action was not even filed until June 24, 2010 and, as previously noted, plaintiff never filed an amended complaint despite being granted leave to do so.

I.

Plaintiff's motion to compel response to discovery includes both a motion to compel discovery responses and a motion for a continuance of the discovery deadline.  Specifically, plaintiff "moves for an order compelling Defendant, Crawford and Company to produce documents requested in No. 1, 2, 3, 4, 5, 7, 9, 10, 11, 12, and 13 of plaintiff's request for production to defendant and a extension of discovery deadline to obtain defendant's deposition and a 2nd set of responses to interrogatories."[4]  The Court denies both of these requests.

A.

As noted by defendant, plaintiff makes a general request to compel additional documents in response to Plaintiff's Request for Production Nos. 1, 2, 3, 4, 5, 7, 9, 10, 11, 12, and 13, without setting forth a basis for the request.  Plaintiff then sets forth five categories of documents that she seeks to compel but does not set forth the related request for production number.  The Court will address in the order presented the five categories of documents plaintiff seeks to compel.

1.

Plaintiff seeks to compel production of documents "relating to accounting and financial expenditures paid for by defendant for its remote and non remote employee's office expenses, travel expenses, and any job related expenses whom were reporting to the Little Rock, AR branch location during the year of 2009 . . ."  As noted by defendant, this request appears to correlate to Plaintiff's Request for Production Nos. 5 and 12(1), which seek as follows:

---

[4] There is no Request for Production No. 13, at least based on Defendant's Response to Plaintiff's Interrogatories and First Request for Production of Documents.  *See* Doc.#55.  However, Request for Production No. 12 does include two subparts: No. 12(1) and No. 12(2).  *See id.*

REQUEST NO. 5: A list of YOUR employees reporting to YOUR Branch Office location in Little Rock, Arkansas and all WRITINGS and DOCUMENTS pertaining to the Little Rock, Arkansas branch office employee expenses between the dates of January, 2009 and July, 2009.

REQUEST NO. 12(1): All DOCUMENTS and WRITINGS related to your company owned property (company vehicles, computers, home office equipment, credit cards, ladders, etc.) issued to remote and office employees reporting to your branch office location in Little Rock, Arkansas during January, 2009 to July, 2009.

Defendant objected to these requests on grounds that they were "overly broad, unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence."

Defendant asserts, and plaintiff does not dispute, that plaintiff's requests for all writings and documents pertaining to any "employee expenses" and "company owned property" for employees of the Little Rock branch seek information that is unrelated to her claims, would require defendant to go through thousands of documents to produce because it encompasses a large variety of expenses, including expenses that are not at issue (such as reimbursed travel expenses and health insurance related expenses), and includes an overly broad time period – well before plaintiff began working for defendant.  Plaintiff does not dispute defendant's assertions on this point and the Court agrees that Plaintiff's Request for Production Nos. 5 and 12(1) and related motion to compel paragraph 1 are overly broad and that it would be unduly burdensome for defendant to review its files to produce such broad ranging documentation.  Accordingly, plaintiff's motion to compel on this point is denied.

2.

Plaintiff seeks to compel defendant to produce "time and date stamped documents [that] will give some authenticity to documents produced by defendant as it correlates to the dates and

times plaintiff asserts certain events occurred as defendant has denied in their answer plaintiff

applied and interviewed for an adjuster position in Pine Bluff, AR." As noted by defendant, this

request appears to correlate to Plaintiff's Request for Production Nos. 3 and 12(2). Plaintiff's

requests and defendant's responses state as follows:

> REQUEST NO. 3: All time and date stamped DOCUMENTS and WRITINGS, personal notes, telephone call logs, diaries, journals, calendars, work related files, electronic mail messages, schedules, receipts, reports related to job offers, interviews and location, that plaintiff had with Crawford Branch Manager, Greg Tucker and Brian O'Neill, prior to employment.

> **RESPONSE:** [Defendant] objects to Request No. 3 to the extent the term "time and date stamped" is vague and ambiguous. [Defendant] objects to Request No. 3 on the grounds that it is overly broad, unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and without waiver thereof, responsive documents will be produced.

> REQUEST NO. 12(2): All vendor issued telephone call logs for company issued cellular and office land lines of Greg Tucker, Brian O'Neill, and Araby Branch during the year of 2009.

> **RESPONSE:** [Defendant] objects to Request No. 12(2) on the grounds that it is overly broad, unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff contends that she seeks to compel additional information to "give some

authenticity to documents produced by defendant as it correlates to the dates and times plaintiff

asserts certain events occurred as defendant has denied in their answer plaintiff applied and

interviewed for an adjuster position in Pine Bluff, Arkansas." Defendant states, however, that the

documents sought in the above requests are much broader than the more narrowed basis for

seeking the documents set forth in the motion to compel. Defendant states that during the parties'

consultation on the motion to compel, counsel for defendant advised plaintiff that defendant

would be willing to stipulate to the fact that plaintiff applied for a position in Pine Bluff,

Arkansas and would amend its Answer to the extent necessary.  Defendant additionally notes

that in its Interrogatory Response No. 2, defendant set forth the dates of plaintiff's interviews

and related position titles.  It seems apparent, then, that defendant has already produced any

emails or documents related to plaintiff's interviews, job application, and job offer.

Accordingly, the Court denies plaintiff's motion to compel on this point.

3.

Plaintiff seeks to have "access to plaintiff's company issued computer and email account

while employed as it provides any and all emails sent pertaining to training, week/monthly

productivity logs for all employees reporting to Little Rock, AR branch location, and plaintiff's

wages/commissions earned and draws paid which relates to plaintiff's claim of denial of training

and equal pay."  Plaintiff contends that documents produced by defendant "appear to be altered

by dates, time, and content" but, as noted by defendant, she has provided no examples or

evidence of such alleged alterations, and defendant states that it has produced true and correct

copies of all documents, including emails.  Defendant additionally notes, and plaintiff does not

dispute, that plaintiff never made a discovery request for access to her company issued computer

or email account. Accordingly, the Court denies plaintiff's motion to compel on this point.

4.

Plaintiff seeks "documents not limited to xactinalysis reporting logs, accounting and

financial files showing reassignment of claims of employee Rebecca Clark to Araby Branch due

to safety reasons in 2009 which pertains to issues brought forth in this claim."  As noted by

defendant, this contention appears to correlate to Plaintiff's Request for Production No. 10.

Plaintiff's request and defendant's response state as follows:

REQUEST NO. 10: All DOCUMENTS and WRITINGS (client billing invoices, and/or electronic mail, etc.) containing claims files assigned to adjuster Rebecca Clark which were pulled and reassigned via electronic mail and/or Xactinalysis to Araby Branch for inspection during the year of 2009.

**RESPONSE:** [Defendant] objects to Request No. 10 on the grounds that it is overly broad, unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant notes that plaintiff's original request was not limited to claims reassigned "due to safety reasons" and, therefore, was overly broad and would have required an unduly burdensome records review for information that is not relevant to plaintiff's claims.  Plaintiff states in her motion that counsel for defendant agreed to consult with defendant regarding production of files reassigned for safety reasons to the extent such files exist.  In this respect, counsel for defendant states it has consulted defendant and determined that no claim files assigned to adjuster Rebecca Clark were reassigned to Araby Branch due to safety reasons in 2009.  As plaintiff does not dispute that defendant has no documents that are responsive to plaintiff's request as set forth in her motion to compel, the Court denies as moot plaintiff's motion to compel on this point.

5.

Plaintiff seeks "documentation-accounting and financial records of company issued internet and phone equipment to all remote employees reporting to defendant's Little Rock, AR branch location."  As noted by defendant, this request appears to be a more limited version of the request set forth in paragraph 1 of plaintiff's motion to compel and is addressed above.  Plaintiff states in her motion to compel that counsel for defendant agreed to consult defendant in an effort to produce such relevant documents but has not, to date, provided those documents and has not stated a guarantee to produce them.  Defendant, however, states that the documents requested by

plaintiff remain overly broad in that there are a broad range of company documents that may reflect expenses for Internet and phone equipment related to remote employees reporting to the Little Rock branch and the request does not contain a time period.  Defendant states it will nevertheless produce documents, to the extent such documents still exist, reflecting the reimbursement or direct billing of such expenses for remote employees reporting to the Little Rock branch for the time period that plaintiff was employed with defendant within two weeks from the date of filing of its response to plaintiff's motion to compel.  That being so, the Court denies as moot plaintiff's motion to compel on this point.

6.

In response to plaintiff's general request to compel documents for Nos. 1, 2, 4, 7, 9, 11 and 13, defendant states that it has set forth valid responses and objections to such requests and plaintiff has failed to set forth grounds to compel the production of further documents.  As plaintiff does not dispute defendant's assertions on this point and has failed to set forth grounds to compel the production of further documents, the Court denies plaintiff's motion to compel as to the remaining requests.

B.

Plaintiff's motion to compel also includes a request that the Court extend the discovery deadline to allow plaintiff to "obtain defendant's deposition and a 2nd set of responses to interrogatories."  The Court denies this request.

Plaintiff filed her initial Complaint on June 24, 2010. After continuing all of the deadlines in the case on one occasion at the request of the parties, the Court set a discovery deadline of May 20, 2011 and a trial date of October 17, 2011.  Due to what defendant states

were efforts to resolve deficiencies in plaintiff's discovery responses and difficulty in scheduling plaintiff's deposition due to her work, defendant requested a short extension of the discovery deadline until June 30, 2011.  Plaintiff did not oppose the extension and, according to defendant, indicated that she could use the additional time as well.  Due to the extension of the discovery deadline, a brief extension of the dispositive motion deadline until July 18, 2011, was also granted.  Defendant timely filed a motion for summary judgment on July 18, 2011.

Plaintiff has failed to set forth a clear basis for her failure to obtain discovery within the time period established by the Court and she does not indicate what further discovery might unveil.  Moreover, granting plaintiff's request for further discovery would likely necessitate a new dispositive motions deadline and continuance of the trial date.  Accordingly, plaintiff's request for a continuance of the discovery deadline is denied.

## II.

Concerning plaintiff's motion to set pretrial conference, plaintiff states that she "anticipates" seeking a preliminary injunction and therefore requests that the Court set an initial pretrial conference at its earliest convenience as she would "like to have Court take managerial control over case expediting disposition, formulating and simplifying the issues of the case, eliminating frivolous defenses, obtaining admissions of fact, and discussing the possibility of settlement."  The Court denies plaintiff's motion to set pretrial conference at this time as the deadline for conducting discovery expired on June 30, 2011, the deadline for filing motions expired on July 18, 2011, and trial is scheduled for October 17, 2011.  This action has been pending for more than a year and plaintiff has never indicated a basis for injunctive relief nor has any such motion been filed.  The Court will, however, hold a pretrial conference immediately

prior to any trial of this action.[5]

III.

For the foregoing reasons, the Court denies plaintiff's motion to compel response to discovery [doc.#52] and denies plaintiff's motion to set pretrial conference [doc.#51].

IT IS SO ORDERED this 25th day of July 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[5] Concerning plaintiff's reference to settlement discussions, plaintiff may initiate such discussions with defendant at any time.  To the extent plaintiff is requesting that the Court refer this action to a Magistrate Judge for a settlement conference, the Court notes that it only refers matters to a Magistrate Judge for a settlement conference if all parties are in agreement to do so.