IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL COVINGTON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:10-cv-00729-SWW |
| | * | |
| | * | |
| | * | |
| CRAWFORD & COMPANY, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff Crystal Covington, a black female, brings this pro se action against defendant Crawford & Company (Crawford), her former employer, alleging race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and, purportedly, a violation of the Equal Pay Act (EPA), 29 U.S.C. § 206(d).[1] The matter is before the Court on motion of Crawford for summary judgment [doc.#56]. Plaintiff has not responded to Crawford's motion and the time for doing so has long since passed. Having considered the matter, the Court grants Crawford's motion for summary judgment.

I.

Crawford moves for summary judgment on grounds, *inter alia*, that (1) Plaintiff's Title VII claims fail because she cannot establish, for purposes of a prima facie case, that any of Crawford's conduct qualifies as an adverse employment action, and (2) in her EPA claim, Plaintiff alleges that she was paid less than former Crawford employee David Elliott, but

---

[1] On March 7, 2011, Plaintiff filed a motion [doc.#40] for leave to file an amended complaint to assert, *inter alia*, an EPA claim. By Order entered May 20, 2011 [doc.#49], this Court, over Crawford's objection, granted Plaintiff's motion. Plaintiff never filed an amended complaint, however.

Plaintiff's EPA claim fails because she cannot show that her work was equal to and performed under similar conditions as Elliott's work, and in any case Plaintiff cannot demonstrate that Crawford paid Elliott at a rate more than the rate at which it paid her.  Crawford argues there are no genuine issues of material fact with respect to these issues and that it is entitled to summary judgment as a matter of law.

A.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has properly supported its motion for summary judgment, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  The nonmoving party must respond by submitting evidentiary materials that set out "'specific facts showing ... a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56(e)).  The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita,* 475 U.S. at 587 (citations omitted).  Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citation and quotation marks omitted).  However, "[w]here the record

taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587 (citation omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*[2]

B.

In not responding to Crawford's motion for summary judgment, Plaintiff has not contested the arguments Crawford has set forth in its motion that it states entitles it to summary judgment. Accordingly, Plaintiff has waived those arguments. *See Satcher v. University of Arkansas at Pine Bluff Bd. of Trustees,* 558 F.3d 731, 735 (8th Cir. 2009) (a "failure to oppose a basis for summary judgment constitutes a waiver of that argument").

In addition, Plaintiff has failed to file, pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, a statement of the material facts as to which she contends a genuine issue exists to be tried. Plaintiff has thus admitted the facts as set forth by Crawford in its Statement of Undisputed Facts [doc.#56-2] as to which it contends there is no genuine issue to be tried.[3] Accordingly, the facts as described in

---

[2] "There is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc). "Because summary judgment is not disfavored and is designed for 'every action,' panel statements to the contrary are unauthorized and should not be followed." *Id.*

[3] Local Rule 56.1(a) provides that "[a]ny party moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine issue to be tried." Paragraph (b) of the rule provides that "[i]f the non-moving party opposes the motion it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried." Paragraph (c) of the rule provides that "[a]ll material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b)."

Crawford's motion for summary judgment are the undisputed facts of this case. *See Beavers v. Bretherick*, 227 Fed.Appx. 518 (8th Cir. 2007) (citing Local Rule 56.1(c) in concluding that the facts as described in unopposed motion for summary judgment are the undisputed facts of the case).[4]

II.

As set forth in Crawford's motion for summary judgment and statement of material facts as to which it contends there is no genuine issue to be tried, Crawford is entitled to summary judgment as a matter of law because Plaintiff is unable to show a violation of the provisions of Title VII or the EPA (assuming it can be said she has properly asserted an EPA claim).

A.

Concerning Plaintiff's Title VII claims, a plaintiff may survive summary judgment either by direct evidence of discrimination, or by creating an inference of discrimination under the burden-shifting test in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-03 (1973), and then rebutting any proffered nondiscriminatory reason for the employment decision with sufficient evidence of pretext. *Wimbley v. Cashion*, 588 F.3d 959, 961 (8th Cir. 2009) (citation omitted). Plaintiff has presented no direct evidence, so the *McDonnell Douglas* framework applies. Plaintiff thus has the initial burden to establish a prima facie case of discrimination. *Id*. To establish a prima facie case of discrimination, Plaintiff must show: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate job expectations; (3) she suffered

---

[4] By Order entered June 28, 2010 [doc.#8], the Court informed Plaintiff that she is required to be familiar and comply with all the Federal Rules of Civil Procedure as well as the Local Rules of this Court and that failure to so comply can result in the dismissal of her claim. The Court noted that the Federal Rules of Civil Procedure are available in many libraries and bookstores, that the Local Rules can be obtained from the Clerk of the Court for the Eastern District of Arkansas, and that said rules may also be accessed from the internet website of the United States District Court for the Eastern District of Arkansas.

an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Id.* at 962. If she establishes a prima facie case, then the burden shifts to Crawford to articulate a legitimate, non-discriminatory reason for its action. *Id*. at 961. If Crawford articulates such a reason, the burden returns to Plaintiff to prove that the proffered reason is pretextual. *Id.*

1.

As set forth in Crawford's motion for summary judgment, Plaintiff claims Crawford discriminated against her by (1) failing to offer her formal training in Atlanta, (2) suggesting that she take a Pine Bluff position over a Fort Smith/Fayetteville position, (3) failing to reassign her Harrison, Arkansas claims to other adjusters because of safety concerns related to her race,[5] and (4) failing to reimburse her for phone and internet access. These claims fail because Plaintiff has not established, for purposes of a prima facie case, that any of Crawford's conduct qualifies as an adverse employment action.

An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage. *Clegg v. Arkansas Dept. of Correction*, 496 F.3d 922, 926 (8th Cir. 2007) (internal quotation marks and citations omitted). This might include termination, cuts in pay or benefits, and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge. *Id*. Minor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage, do not rise to the level of an adverse employment action. *Id*.

Plaintiff's training claim fails because an employer's denial of an employee's request for

---

[5] Apparently, Plaintiff claims she heard that Harrison, Arkansas can be an unsafe area for blacks.

training is not, without more, an adverse employment action. *Box v. Principi*, 442 F.3d 692, 697 (8th Cir. 2006). Moreover, Crawford notes that Plaintiff, who had three to four years experience as a property adjuster, did not need training in Atlanta, and that Crawford only offers intermediate and advanced training to employees who complete the ninety-day probationary period, which plaintiff failed to do as she only worked for Crawford for approximately fifty-seven days before being terminated.[6] This constitutes a legitimate, non-discriminatory reason for Crawford's action that Plaintiff has not shown to be pretextual.

Plaintiff's claim that Crawford suggested that she take a Pine Bluff position over a Fort Smith/Fayetteville position–in effect, a job reassignment–fails as a job reassignment involving no corresponding reduction in salary, benefits, or prestige is insufficient to establish an adverse employment action. *Montandon v. Farmland Indus., Inc.*, 116 F.3d 355, 359 (8th Cir. 1997). Moreover, Plaintiff does not dispute that Crawford offered her a position in Fort Smith/Fayetteville to assist her in making more money as Fort Smith/Fayetteville is a more populous area than Pine Bluff and, as a result, has more insurance claims for Crawford's employees to adjust. This constitutes a legitimate, non-discriminatory reason for Crawford's action that Plaintiff has not shown to be pretextual.

Plaintiff's claim that Crawford failed to reassign her Harrison, Arkansas claims to other adjusters because of safety concerns related to her race was, if anything, a mere inconvenience without any decrease in title, salary, or benefits and is insufficient to show an adverse employment action. *Cruzan v. Special Sch. Dist. #1*, 294 F.3d 981, 984 (8th Cir. 2002). Plaintiff

---

[6] By Order entered December 28, 2010 [doc.#34], this Court determined that because Plaintiff deliberately did not file with the Equal Employment Opportunity Commission an administrative charge related to her termination, that claim is procedurally barred and is dismissed from this action.

does not dispute that she was never threatened or mistreated while in Harrison, and Crawford states, and Plaintiff does not dispute, that it is not aware of any adjusters whose claims were reassigned because of an employee's fear for his or her safety.

Finally, Plaintiff's claim that Crawford failed to reimburse her for phone and internet access is insufficient to show an adverse employment action as she does not dispute that Crawford reimburses its remote employees for their phone and internet access, but that Crawford never received a request for reimbursement from Plaintiff before or after her termination.[7] This also constitutes a legitimate, non-discriminatory reason for Crawford's action that Plaintiff has not shown to be pretextual. In this respect, Crawford states, and Plaintiff does not dispute, that if Plaintiff had submitted a reimbursement form for the costs of her phone and internet access, Crawford would have reimbursed her for those expenses

2.

To the extent Plaintiff is asserting a hostile work environment claim, she has not shown, for purposes of a prima facie case, that any unwelcome harassment to which she claims she was subjected was based upon race or sex and that the harassment affected a term, condition, or privilege of her employment. *See Blakely v. Schlumberger Technology Corp.*, — F.3d —, 2011 WL 3503318, at *9 (8th Cir. Aug. 11, 2011) (setting forth elements of prima facie claim of hostile work environment).

3.

For the foregoing reasons, the Court grants Crawford's motion for summary judgment on Plaintiff's Title VII claims.

---

[7] Plaintiff states in her deposition that she "had no knowledge of a reimbursement form." Pl.'s Depo. at 143.

B.

Turning to Plaintiff's purported EPA claim, in order to establish a prima facie case under the EPA, an employee must prove an employer paid different wages to men and women performing equal work. *Drum v. Leeson Elec. Corp.*, 565 F.3d 1071, 1072 (8th Cir. 2009) (citation omitted). Whether different employees are performing equal work does not necessarily depend on job titles, but rather on the actual requirements of the job. *Bearden v. International Paper Co.*, 529 F.3d 828, 833 (8th Cir. 2008) (citation omitted). Once an employee has established a prima facie case, the burden of proof shifts to the employer to prove a statutory affirmative defense. *Drum*, 565 F.3d at 1072. Those defenses are: (1) a seniority system; (2) a merit system; (3) a system that measures earnings by quantity or quality of production; or (4) a differential based on any other factor other than sex. 29 U.S.C. § 206(d)(1). Under the EPA, an employer cannot escape liability merely by articulating a legitimate non-discriminatory reason for the employment action. *Drum,* 565 F.3d at 1072. Rather, the employer must prove that the pay differential was based on a factor other than sex. *Id*.

According to Crawford, Plaintiff alleges in her EPA claim that she was paid less than former Crawford employee David Elliott. Plaintiff's EPA claim based on this allegation fails as she has not shown that her work was equal to and performed under similar conditions as Elliott's work, and she in any case has not demonstrated that Crawford paid Elliott at a rate more than the rate at which it paid her. Accordingly, the Court grants summary judgment on any EPA claim Plaintiff may be asserting.

III.

For the foregoing reasons, the Court finds that Crawford's motion for summary judgment

[doc.#53] should be and hereby is granted. Judgment will be entered accordingly.

                IT IS SO ORDERED this 24th day of August 2011.

                                      <u>/s/Susan Webber Wright</u>
                                      UNITED STATES DISTRICT JUDGE